

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Teamsters Local 676 and Employers Annuity Fund and Teamsters Local 676 and Employers Vacation Fund, by and through their Boards of Trustees, Howard Wells, Joseph D. Artale, Edward Pearce, Earnest M. Clements, Ken Orben, and Richard Forman, 400 Franklin Avenue, Suite 135 Phoenixville, PA 19460, <br><br> Plaintiffs, <br><br> v. <br><br> Robert T. Winzinger, Inc. 1704 Marne Highway, P.O. Box 537 Hainesport, NJ 08036, <br><br> Defendant. | Civil Action No. _____ <br><br> 17  3444 |

## INTRODUCTION

Plaintiffs, Teamsters Local 676 and Employers Annuity Fund and Teamsters Local 676 and Employers Vacation Fund (hereinafter collectively "the Funds"), by and through their respective Boards of Trustees, bring this action against Defendant Robert T. Winzinger, Inc. (hereinafter "Winzinger") pursuant to the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs seek an order directing Defendant to pay delinquent contributions, interest and liquidated damages currently owed to the Plaintiff

1

Funds, and any additional contributions that may become due and owing during the pendency of this litigation, plus attorneys' fees and costs and any other amounts permitted by law.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to section 502(e)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1145; and, pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a).

2. Venue is proper in this District pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because, *inter alia*, the Funds' benefit plans are administered in this District.

## PARTIES

3. Plaintiff Teamsters Local 676 and Employers Annuity Fund (hereinafter "the Annuity Fund") is a jointly-administered, multiemployer employee pension fund within the meaning of section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and sections 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A).

4. The Annuity Fund is administered by a Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing pension benefits to its participants and beneficiaries and defraying the reasonable expenses of administering the pension plan, in accordance with section 404 of ERISA, 29 U.S.C. § 1104. The Annuity Fund receives contributions from employers that are parties to a collective bargaining agreement with Teamsters Local Union 676 (hereinafter "Local 676" or "Union").

The Annuity Fund is administered at the Fund's business office located at 400 Franklin Avenue, Suite 135, Phoenixville, PA 19460.

5. Plaintiffs Howard Wells, Joseph D. Artale, Edward Pearce, Earnest M. Clements, Ken Orben, and Richard Forman are Trustees of the Annuity Fund pursuant to the Annuity Fund's Trust Agreement ("Annuity Fund Trust Agreement"). *Exhibit 1, Annuity Fund Trust Agreement.* Wells, Artale, Pearce, Clements, Orben, and Forman are fiduciaries of the Annuity Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Wells, Artale, Pearce, Clements, Orben, and Forman's business address as Trustees of the Annuity Fund is 400 Franklin Avenue, Suite 135, Phoenixville, PA 19460.

6. Plaintiff Teamsters Local Union 676 and Employers Vacation Fund (hereinafter "the Vacation Fund") is a jointly-administered, multiemployer employee welfare fund within the meaning of section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), and §§ 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002 and (37)(A).

7. The Vacation Fund is administered by a Board of Trustees in accordance with section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6), and exists for the exclusive purpose of providing vacation benefits to its participants and beneficiaries and defraying the reasonable expenses of administering the plan, in accordance with section 404 ERISA, 29 U.S.C. §1104. The Vacation Fund receives contributions from various employers that are parties to a collective bargaining agreements with Local 676. The Vacation Fund is administered at the Fund's business office located at 400 Franklin Avenue, Suite 135, Phoenixville, PA 19460.

3

8. Plaintiffs Howard Wells, Joseph D. Artale, Edward Pearce, Earnest M. Clements, Ken Orben, and Richard Forman are Trustees of the Vacation Fund pursuant to the Vacation Fund's Trust Agreement ("Vacation Fund Trust Agreement"). *Exhibit 2, Vacation Fund Trust Agreement.* Wells, Artale, Pearce, Clements, Orben, and Forman are fiduciaries of the Vacation Fund as such term is defined in section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Wells, Artale, Pearce, Clements, Orben, and Forman's business address as Trustees of the Vacation Fund is 400 Franklin Avenue, Suite 135, Phoenixville, PA 19460.

9. Defendant Winzinger is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5). Winzinger's business address is 1704 Marne Highway, Hainesport, NJ 08036.

## CONTRIBUTION OBLIGATIONS AND COLLECTION PROCEDURES

10. At all times relevant to this action, Winzinger and Local 676 were parties to a collective bargaining agreement (the "CBA") that required Winzinger to submit remittance reports and corresponding contributions to Plaintiffs Annuity Fund and Vacation Fund for employees covered by the CBA. *Exhibit 3, Winzinger CBA.*

11. Article 26 of the CBA sets forth Winzinger's obligation to make monthly contributions to the Pension Fund on behalf of employees performing work covered by the CBA. *Id.* at p. 20.

4

12. Article 27 of the CBA sets forth Winzinger's obligation to make monthly contributions to the Vacation Fund on behalf of employees performing work covered by the CBA. *Id.* at 20.

13. Pursuant to ¶ 9(e) of the Annuity Fund Trust Agreement and Article 4, ¶ 1(a) of the Vacation Fund Trust Agreement, the Funds' Trustees adopted procedures to be followed to collect contributions, including delinquent contributions ("Collection Procedures"). *Exhibit 1, Annuity Fund Trust Agreement; Exhibit 2, Vacation Fund Trust Agreement.* The Funds revised their Collection Procedures on July 28, 2016. *Exhibit 4, Pre-July 2016 Collection Procedures; Exhibit 5, July 2016 Collection Procedures.*

14. At all times relevant to this action, both policies required employers to submit with their monthly contribution payments a remittance report form setting forth the identity of the employees for whom contributions are due and owing and the contribution amount owed for each employee. Remittance reports and contributions must be received by the Funds' office no later than the 28th day of the month following the work month for which contributions are payable. *Exhibit 4, Pre-July 2016 Collection Procedures, p. 1, ¶ 1. Exhibit 5, July 2016 Collection Procedures, p. 1, ¶ 1(a).*

15. Prior to July 28, 2016, if contributions were not received timely, the Employer was assessed liquidated damages in the amount of ten percent (10%) of the amount of the unpaid contributions. *Exhibit 4, Pre-July 2016 Collection Procedures, p. 1, ¶ 3.*

16. Effective on and after July 28, 2016, the Employer is assessed liquidated damages in the amount of ten percent (10%) of the amount of the unpaid contributions and twenty percent

5

(20%) if a lawsuit is initiated to collect said contributions. *Exhibit 5, July 2016 Collection Procedures, p. 1, ¶ 1(a).*

17. The Collection Procedures further provide that, effective July 28, 2016, interest shall accrue on all unpaid contributions from the date the contribution are due at the rate of 1% per month, or any part thereof. *Id.* at p. 1, ¶ 2.

## CONTRIBUTIONS OWED TO THE ANNUITY FUND

18. Winzinger has failed to remit a contribution report and contribution payments to the Annuity Fund for work performed in January through May 2017. The Annuity Fund estimates that Winzinger owes contributions to the Annuity Fund for January through May 2017 in the approximate amount of $17,376.05. The estimated amount of contributions owed is based upon the number of employees times the estimated hours worked times the hourly rate set forth in the CBA. This amount does not include interest and liquidated damages. Interest continues to accrue until the contributions are paid in full.

19. In addition, Winzinger has further failed to pay interest and liquidated damages to the Annuity Fund for late-paid contributions relating to work performed in March, April, July, August, October, November, and December 2015 and January through December 2016.

## CONTRIBUTIONS OWED TO THE VACATION FUND

20. Winzinger has failed to remit a contribution report and contribution payments to the Vacation Fund for work performed in January through May 2017. The Vacation Fund estimates that Winzinger owes contributions to the Vacation Fund for January through May 2017 in the approximate amount of $9,915.00. The estimated amount of contributions owed is based

upon the number of employees times the estimated hours worked times the hourly rate set forth in the CBA. This amount does not include interest and liquidated damages. Interest continues to accrue until the contributions are paid in full.

21. In addition, Winzinger has further failed to pay interest and liquidated damages to the Vacation Fund for late-paid contributions relating to work performed in March, April, July, August, October, November, and December 2015 and January through December.

## ERISA ENFORCEMENT

22. Section 515 of ERISA, 29 U.S.C. § 1145, states that "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

23. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), further provides that "[i]n any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate."

## COUNT I

## ERISA VIOLATION

## PLAINTIFF ANNUITY FUND V. DEFENDANT WINZINGER

24. Plaintiffs incorporate by reference paragraphs 1 through 23 above as though fully set forth herein.

25. Pursuant to the CBA between Winzinger and the Union, Winzinger is obligated to pay contributions to the Annuity Fund.

26. As of the date of the filing of the instant Complaint, Winzinger owes delinquent contributions to the Annuity Fund for the months January through May 2017 in the approximate amount of $17,376.05, plus liquidated damages and interest.

27. Plaintiff Annuity Fund has demanded payment of the contributions owed but Defendant Winzinger has failed and/or refused to pay the contributions.

28. The Annuity Fund has been economically harmed by Defendant Winzinger s failure to make contribution payments as required by the CBA and the Collection Procedures.

29. Winzinger's failure to make contribution payments to the Annuity Fund in a timely manner, and to pay liquidated damages and interest that Winzinger incurred, constitutes a violation of ERISA § 515, 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiff Annuity Fund prays that the following relief be granted to it:

    a. That judgment be entered in favor of Plaintiff Annuity Fund and against Defendant Winzinger, and that Defendant Winzinger be ordered to pay all contributions

owed to the Annuity Fund, plus interest, liquidated damages, and attorneys' fees and costs;

b. That judgment be entered in favor of Plaintiff Annuity Fund and against Defendant Winzinger for the payment of any additional delinquent contributions, interest, liquidated damages, and attorneys' fees and costs that become due and owing during the pendency of this litigation;

c. An order directing Winzinger to comply with its collective bargaining obligations by submitting all contribution reports owed to the Plaintiff Annuity Fund for the period January 1, 2017 through the expiration of Winzinger's collective bargaining agreement with the Union and to pay all contributions owed on behalf of employees performing work covered by the CBA; and

d. That such other relief be granted as this Court deems just and appropriate.

## COUNT II

## FEDERAL COMMON LAW BREACH OF CONTRACT

## PLAINTIFF ANNUITY FUND V. DEFENDANT WINZINGER

30. Plaintiffs incorporate by reference paragraphs 1 through 29 above as though fully set forth herein.

31. Pursuant to the CBA and the Annuity Fund Trust Agreement, Winzinger is obligated to pay liquidated damages and interest to the Annuity Fund for late-paid contributions.

32. As of the date of the filing of the instant Complaint, Winzinger owes interest and liquidated damages to the Annuity Fund for late-paid contributions relating to work performed in

March, April, July, August, October, November, and December 2015 and January through December 2016.

33. Plaintiff Annuity Fund has demanded payment of the interest and liquidated damages owed but Defendant Winzinger has failed and/or refused to pay.

34. The Annuity Fund has been economically harmed by Defendant Winzinger's failure to pay interest and liquidated damages as required by the CBA and the Collection Procedures.

35. Winzinger's failure pay liquidated damages and interest that Winzinger incurred, constitutes a violation of the CBA, the Collection Procedures, and the Annuity Fund Trust Agreement.

**WHEREFORE**, Plaintiff Annuity Fund prays that the following relief be granted to it:

a. That judgment be entered in favor of Plaintiff Annuity Fund and against Defendant Winzinger, and that Defendant Winzinger be ordered to pay all interest and liquidated damages for late-paid contributions;

b. That judgment be entered in favor of Plaintiff Annuity Fund and against Defendant Winzinger for the payment of any additional interest and liquidated damages that become due and owing during the pendency of this litigation;

c. That such other relief be granted as this Court deems just and appropriate.

## COUNT III

## ERISA VIOLATION

## PLAINTIFF VACATION FUND V. DEFENDANT WINZINGER

36. Plaintiffs incorporate by reference paragraphs 1 through 35 above as though fully set forth herein.

37. Pursuant to the CBA between Winzinger and the Union, Winzinger is obligated to pay contributions to the Vacation Fund.

38. As of the date of the filing of the instant Complaint, Winzinger owes delinquent contributions to the Vacation Fund for the months January through May 2017 in the approximate amount of $9,915.00, plus liquidated damages and interest.

39. Plaintiff Vacation Fund has demanded payment of the contributions owed but Defendant Winzinger has failed and/or refused to pay the contributions.

40. The Vacation Fund has been economically harmed by Defendant Winzinger's failure to make contribution payments as required by the CBA and the Collection Procedures.

41. Winzinger's failure to make contribution payments to the Vacation Fund in a timely manner, and to pay liquidated damages and interest that Winzinger incurred, constitutes a violation of ERISA § 515, 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiff Vacation Fund pray that the following relief be granted to it:

a. That judgment be entered in favor of Plaintiff Vacation Fund and against Defendant Winzinger, and that Defendant Winzinger be ordered to pay all contributions

11

owed to the Vacation Fund, plus interest, liquidated damages, and attorneys' fees and costs;

    b.    That judgment be entered in favor of Plaintiff Vacation Fund and against Defendant Winzinger for the payment of any additional delinquent contributions, interest, liquidated damages, and attorneys' fees and costs that become due and owing during the pendency of this litigation;

    c.    An order directing Winzinger to comply with its collective bargaining obligations by submitting all contribution reports owed to the Plaintiff Vacation Fund for the period January 1, 2017 through the expiration of Winzinger's collective bargaining agreement with the Union and to pay all contributions owed on behalf of employees performing work covered by the CBA; and

    d.    That such other relief be granted as this Court deems just and appropriate.

## COUNT IV
## FEDERAL COMMON LAW BREACH OF CONTRACT
## PLAINTIFF VACATION FUND V. DEFENDANT WINZINGER

42.    Plaintiffs incorporate by reference paragraphs 1 through 41 above as though fully set forth herein.

43.    Pursuant to the CBA and the Vacation Fund Trust Agreement, Winzinger is obligated to pay liquidated damages and interest to the Vacation Fund for late-paid contributions.

44.    As of the date of the filing of the instant Complaint, Winzinger owes interest and liquidated damages to the Vacation Fund for late-paid contributions relating to work performed in

March, April, July, August, October, November, and December 2015 and January through December 2016.

45. Plaintiff Vacation Fund has demanded payment of the interest and liquidated damages owed but Defendant Winzinger has failed and/or refused to pay.

46. The Vacation Fund has been economically harmed by Defendant Winzinger's failure to pay interest and liquidated damages as required by the CBA and the Collection Procedures.

47. Winzinger's failure pay liquidated damages and interest that Winzinger incurred, constitutes a violation of the CBA, the Collection Procedures, and the Vacation Fund Trust Agreement.

**WHEREFORE**, Plaintiff Vacation Fund prays that the following relief be granted to it:

a. That judgment be entered in favor of Plaintiff Vacation Fund and against Defendant Winzinger, and that Defendant Winzinger be ordered to pay all interest and liquidated damages for late-paid contributions;

b. That judgment be entered in favor of Plaintiff Vacation Fund and against Defendant Winzinger for the payment of any additional interest and liquidated damages that become due and owing during the pendency of this litigation;

c. That such other relief be granted as this Court deems just and appropriate.

Respectfully submitted,

WILLIG, WILLIAMS & DAVIDSON

*/s/ Linda M. Martin*

LINDA M. MARTIN, ESQUIRE
JOHN R. BIELSKI, ESQUIRE
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(LMM Office)     (215) 656-3665
(JRB Office)     (215) 656-3652
(Facsimile)      (215) 561-5135
Email:           lmartin@wwdlaw.com
                 jbielski@wwdlaw.com

*Counsel to Plaintiffs Teamsters Local 676 and Employers Annuity and Vacation Funds*

Dated: August 1, 2017

14

## CERTIFICATE OF SERVICE

I, Linda M. Martin, Esquire, hereby certify that I have this 1st day of August, 2017 forwarded a copy of the Complaint and exhibits in the foregoing matter to the persons listed below, by certified mail, postage prepaid, United States Postal Service:

> R. Alexander Acosta, Secretary
> U.S. Department of Labor
> Office of Public Affairs
> 200 Constitution Ave., N.W.
> Room S-1032
> Washington, DC 20210

> Steven Terner Mnuchi, Secretary
> United States Department of Treasury
> 1500 Pennsylvania Avenue, N.W.
> Washington, D.C. 20220

s/ Linda M. Martin<br>
LINDA M. MARTIN, ESQUIRE

Dated: August 1, 2017